UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
S.W.,

                      Plaintiff,

                           -against-

KRISTI NOEM, in her official capacity as
Secretary of Department of Homeland Security,
TODD M. LYONS, in his official capacity as
Acting Director of U.S. Immigration and
Customs Enforcement, JOSEPH E. KERNAN, in
his official capacity as Director of the USCIS
Asylum Vetting Center, SUSAN RAUFER, in
her official capacity as Director of the USCIS
Newark Asylum Office, and JUDITH
ALMODOVAR, in her official capacity as
Acting Field Office Director of New York ICE –
ERO,

                      Defendants.
------------------------------------------------------------x

25-cv-9264 (PKC)

OPINION AND ORDER

CASTEL, U.S.D.J.

       Plaintiff S.W., a citizen of Kenya, brings this action against officials of the United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE"), and United States Citizenship and Immigration Services ("USCIS") under the Administrative Procedure Act ("APA") and the due process clause of the Fifth Amendment.

       It is undisputed that S.W. was initially detained at the United States-Mexico border, determined to be inadmissible, and informed of his right to seek a credible fear interview, a procedure unique to expedited removal proceedings. (ECF 22-1, 22-2 & 22-3.) He expressed a fear of returning to his home country and was thereafter paroled. (ECF 22-1 & 23-1.) While

still on parole, S.W. filed a Form I-589 affirmative application for asylum.  (ECF 23-1 & 23-4.)

S.W.'s parole has since expired.  (ECF 23-1.)  USCIS has dismissed the Form I-589 application

because, in its view, S.W. remains in expedited removal proceedings and his remedy for seeking

asylum is to pursue a credible fear interview.  (ECF 23-5.)  While the parties dispute the present

status of S.W., it is accurate to say that he has not been detained, nor, since the expiration of his

parole, has he been released on bond.

S.W. moves for a preliminary injunction against (1) the requirement that he

participate in a credible fear interview and (2) detention without advance notice and an

opportunity to be heard.  He asserts that USCIS's dismissal of his Form I-589 affirmative

application for asylum and its determination that he was eligible for expedited removal violated

the statute providing for expedited removal, 8 U.S.C. § 1225(b), and therefore was arbitrary and

capricious and a violation of his due process rights.

Defendants move to dismiss the Complaint, arguing that the Court is deprived of

jurisdiction by reason of 8 U.S.C. § 1252(a)(2)(A).  Defendants also respond on the merits,

asserting that upon the expiration of the term of parole S.W.'s status was restored to that of an

inadmissible person in expedited removal proceedings, citing 8 C.F.R. § 212.5(e)(2)(i) ("parole

shall be terminated upon written notice to the alien and he or she shall be restored to the status

that he or she had at the time of parole.")

For the reasons set forth below, the Court concludes that it lacks jurisdiction over

S.W.'s claims.  Accordingly, the defendants' Rule 12(b)(1) motion will be granted, the

Complaint will be dismissed, and S.W.'s motion for a preliminary injunction will be denied.  The

Court will continue the existing temporary restraining order pending the hearing and

determination of an application to this Court for a stay pending appeal on a schedule set by the Court.

BACKGROUND.

Plaintiff S.W. is a citizen of Kenya who fled his home country after being subjected to detention, violence and torture because of his sexual orientation. (Compl't ¶ 11; ECF 23-2.) On March 16, 2022, S.W. entered the United States from Mexico and was detained by immigration authorities. (Compl't ¶ 12; ECF 23-2.) Two days later, on March 18, 2022, an immigration officer prepared a Form I-860 "Notice and Order of Expedited Removal" as to S.W. (ECF 22-2.) The upper portion of the form contained a "Determination of Inadmissibility," signed by a DHS officer, that stated that S.W. was "inadmissible to the United States" because he was not in possession of a valid entry document when he entered the country. (Id.) See 8 U.S.C. § 1182(a)(7)(A)(i)(I). The lower portion of the form for inputting an "Order of Removal" was not completed or signed.[1] (Id.) S.W. denies having received the Form I-860. (Compl't ¶ 25; ECF 23-2.) S.W. does not challenge the determination of inadmissibility in this proceeding. (Dec. 18, 2025, Tr. 17.)

On March 24, 2022, border officers paroled S.W. for a period of one year under a statutory provision that permits the parole of aliens applying for admission for "urgent humanitarian reasons or significant public benefit". (Compl't ¶ 13; ECF 23-1.) 8 U.S.C. § 1182(d)(5)(A). The written notice of parole advised S.W. of its automatic expiration at the end of the period of one year. (ECF 23-1.)

---

[1] The text quotes the name of the Form I-860. There is no dispute that the "Order of Removal" portion of the Form I-860 was not completed nor was it intended to be completed unless and until there was a final determination of asylum eligibility adverse to S.W. under 8 U.S.C. § 1225(b).

- 3 -

On August 23, 2022, during the period of parole, S.W. filed a Form I-589 Application for Asylum and Withholding of Removal (the "affirmative asylum application") with USCIS. (Compl't ¶ 17.) USCIS acknowledged that the application had been received and was complete on September 13, 2022. (Id.; ECF 23-4.) While his application for asylum was pending, S.W. received an employment authorization from USCIS. (Compl't ¶¶ 19–20.) S.W. asserts that he has lived continuously in the United States since he arrived in the country in March 2022. (Id. ¶ 30; ECF 23-2.)

On June 13, 2025, USCIS issued a letter to S.W. entitled "Notice of Dismissal of Form I-589" (the "Dismissal Notice"). (ECF 23-5.) The Dismissal Notice stated that S.W.'s affirmative asylum application could not be processed because DHS records indicated that S.W. had been "apprehended by DHS officials, placed in expedited removal, and issued a Form I-860, Notice and Order of Expedited Removal." (Compl't ¶ 22; ECF 23-5.) The Dismissal Notice also informed S.W. that his affirmative asylum application was dismissed, and that if he wished to have his asylum claim considered, he would be required to participate in a credible fear interview, the first step in seeking asylum for those in expedited removal proceedings. (Compl't ¶ 22; ECF 23-5.) See 8 U.S.C. § 1225(b)(1)(A)(ii) & (b)(1)(B).

The statute that governs expedited removal proceedings provides that an alien may only be placed in such proceedings if he "has not been admitted or paroled into the United States" and "has not affirmatively shown" that he "has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility . . . ." 8 U.S.C. § 1225(b)(1)(A)(iii)(II). S.W. alleges that he is not eligible for expedited removal because ICE granted him parole in March 2022 and because he has lived in

- 4 -

the United States continuously for the two years before he was notified that he was subject to expedited removal.

S.W. also argues USCIS's purportedly unlawful dismissal of his affirmative asylum application and its directive that S.W. request a credible fear interview has deprived him of important procedural protections provided in the affirmative asylum application process that are not available in expedited removal proceedings. For instance, the denial of asylum at a credible fear interview is not judicially reviewable.[2] See 8 U.S.C. § 1252(a)(2)(A)(iii). In contrast, denials of asylum based on affirmative asylum interviews are reviewable by an immigration judge, the Board of Immigration Appeals and then a federal appeals court. See 8 C.F.R. § 208.14(c)(1); id. § 1003.38(a); 8 U.S.C. § 1252(a)(5). S.W. also claims that if he attends a credible fear interview, he faces a significant risk of being detained by ICE. (Compl't ¶¶ 32–35.)

S.W.'s Complaint brings a claim under the APA, alleging that USCIS's dismissal of his affirmative asylum application was arbitrary and capricious. (Id. ¶¶ 40–47.) The Complaint also brings two claims under the due process clause of the Fifth Amendment, alleging that S.W.'s due process rights have been violated by (1) the dismissal of his affirmative asylum application and his referral to expedited removal proceedings and (2) the heightened risk of detention by ICE because of his referral to the expedited removal process. (Id. ¶¶ 48–63.) The Complaint requests a variety of declaratory and injunctive relief, including, among other things, that the Court "[d]eclare the Dismissal Notice unlawful" and "[d]eclare Plaintiff ineligible for expedited removal." (Id. at 13–14.) S.W. also has moved for a preliminary injunction

---

[2] However, if an asylum officer determines based on a credible fear interview that the alien does not have a credible fear of persecution, that decision must be reviewed by a supervisory asylum officer. 8 C.F.R. § 208.30(e)(8). The alien also may request that an immigration judge review the asylum officer's determination de novo. Id. §§ 208.30(g)(1), 1003.42(d).

"preventing DHS and ICE from requiring Plaintiff to undergo a credible fear interview pending this litigation to determine if his Form I-589 was improperly dismissed" and "enjoining DHS and ICE from detaining Plaintiff absent a pre-detention hearing." (ECF 14 at 3.)

On November 10, 2025, this Court granted an ex parte temporary restraining order enjoining the defendants from requiring S.W. to undergo a credible fear interview and from detaining S.W. without a pre-detention hearing while S.W.'s application for a preliminary injunction is pending. (ECF 18.)

Defendants oppose the motion for a preliminary injunction and have moved to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., for lack of jurisdiction and failure to state a claim. (ECF 20 & 21.) The defendants argue that the Court is deprived of jurisdiction by reason of provisions of the Immigration and Nationality Act ("INA") that preclude the Court from reviewing the invocation or application of the expedited removal process to individual aliens. Alternatively, they urge that USCIS correctly dismissed S.W.'s affirmative asylum application because he remains in expedited removal proceedings in which he may pursue an asylum claim by first participating in a credible fear interview.

On December 18, 2025, the Court conducted a hearing on the preliminary injunction motion and the pending motion to dismiss. The Court extended the temporary restraining order and reserved decision on the motions.

Because the Court agrees that it does not have jurisdiction over S.W.'s claims, it does not reach whether S.W.'s Complaint properly states a claim.

DISCUSSION.

     I.   <u>Legal Standard.</u>

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." <u>Tandon v. Captain's Cove Marina of Bridgeport, Inc.</u>, 752 F.3d 239, 243 (2d Cir. 2014). "But '[w]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits,'" and "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" <u>Id.</u> (quoting <u>APWU v. Potter</u>, 343 F.3d 619, 627 (2d Cir. 2003); <u>Makarova</u>, 201 F.3d at 113).

     II.   Section 1252(a)(2)(A) Deprives this Court of Jurisdiction to
           Determine the Central Issue in this Action:
           <u>Whether S.W. Remains in Expedited Removal Proceedings.</u>

Defendants argue that this Court is deprived of jurisdiction to adjudicate S.W.'s claims because of the limiting provisions of section 1252(a)(2)(A) of Title 8.[3] In general terms, the provision "deprives this court of jurisdiction to hear challenges relating to the Attorney

---

[3] Because of the Court's conclusion that section 1252(a)(2)(A) deprives it of jurisdiction, it is not necessary to reach defendants' assertion that the Court does not have jurisdiction under section 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.") Defendants also had asserted that the Court was deprived of jurisdiction to hear any challenges to the constitutionality or lawfulness of regulations or policies implementing section 1225(b). See 8 U.S.C. § 1252(e)(3)(A) (requiring such challenges to be brought in the District Court for the District of Columbia). At the preliminary injunction hearing, defendants acknowledged that section 1252(e)(3)(A) does not apply to this action. (December 18, 2025, Tr. 8.)

General's decision to invoke expedited removal, his choice of whom to remove in this manner, his 'procedures and policies,' and the 'implementation or operation' of a removal order." Shunaula v. Holder, 732 F.3d 143, 146 (2d Cir. 2013) (quoting 8 U.S.C. § 1252(a)(2)(A)).

The Court recites in substantial part the text of the provision, which is necessary to understanding its scope. See Xia v. Bondi, 137 F.4th 85, 90 (2d Cir. 2025) ("To ascertain the scope of [the jurisdiction-limiting provision in] § 1252(a)(2)(B)(i), 'we start where we always do: with the text of the statute.'" (quoting Van Buren v. United States, 593 U.S. 374, 381 (2021))).

Section 1252(a)(2) is titled "Matters not subject to judicial review" and subparagraph (A) is titled "Review relating to section 1225(b)(1)." It provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review--
>
> > (i) . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,
> >
> > (ii) . . . a decision by the Attorney General to invoke the provisions of such section,
> >
> > (iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title, or
> >
> > (iv) . . . procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.

8 U.S.C. § 1252(a)(2)(A).[4]  The  jurisdiction-limiting provisions quoted above were included in the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009-607 (1996), the statute that created expedited removal proceedings.[5]

As a preliminary matter, the first and fourth clauses of section 1252(a)(2)(A) do not apply to S.W.'s claims.  S.W. is not bringing any claim "arising from or relating to the implementation or operation of an order of removal," because no expedited removal order has been issued to S.W.  8 U.S.C. § 1252(a)(2)(A)(i).  Also, S.W. is not challenging "procedures and policies adopted by the Attorney General to implement the provisions of" the expedited removal statute.  Id. § 1252(a)(2)(A)(iv).  The jurisdictional question thus focuses on clauses (ii) and (iii) of the statute and whether S.W.'s Complaint requires this Court to "review" any defendant's invocation of the expedited removal section of the statute or "the application of such section to" S.W.  It is necessary to understand the nature of S.W.'s claims and arguments and the statutory context in which they arise in order to determine whether they run afoul of the jurisdictional limitation.  See Khan v. Gonzales, 495 F.3d 31, 35 (2d Cir. 2007) ("To determine whether we have jurisdiction . . . we must 'study the arguments asserted.'" (quoting Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 329 (2d Cir. 2006))).

The central allegation of the Complaint is that USCIS wrongfully dismissed S.W.'s affirmative asylum application on the grounds that he had been placed in expedited removal proceedings and remained in such expedited proceedings.  (Compl't ¶ 22.)  The First Cause of Action, brought under the APA, asserts that the agency's action was arbitrary, capricious, an abuse of discretion or otherwise not in accordance of law because ". . . Plaintiff is

---

[4] "[S]ection 1225(b)(1)" refers to the section of the INA governing the expedited removal process.  8 U.S.C. § 1225(b)(1).

[5] Certain of the limiting language contained in section 1252(a)(2)(A) was added as part of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005).

not eligible to be in expedited removal because he was paroled into the United States, so application of that process to him is unlawful." (Id. ¶¶ 41, 43.)  The Second Cause of Action relatedly alleges that "Defendants' wrongful dismissal of Plaintiff's affirmative asylum application and subsequent referral to the expedited removal process deprives Plaintiff of due process by placing him in limbo without any process at all." (Id. ¶ 50.)[6]  The final Third Cause of Action alleges that "Defendants' wrongful dismissal of Plaintiff's affirmative asylum application and subsequent referral to the expedited removal process puts Plaintiff at imminent, near-certain risk of detention by ICE without due process." (Id. ¶ 57.)

A point of significance to the jurisdictional inquiry is the relief that S.W. is seeking in this action.  See Ozturk v. Hyde, 136 F.4th 382, 400 (2d Cir. 2025) ("[W]hether the district court has jurisdiction will turn on the substance of the relief that a plaintiff is seeking" (quoting Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011))); see also Quezada Palacios v. Bondi, 24-2140, 2025 WL 1983482, at *3 (2d Cir. July 17, 2025) (summary order) (holding that court lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(B) to review APA claim after examining declaratory relief sought in the complaint).  S.W.'s Prayer for Relief seeks to have this Court "[d]eclare Plaintiff ineligible for expedited removal." (Compl't at 13.)

The existing temporary restraining order which S.W. seeks to convert into a preliminary injunction enjoins "Defendants . . . from requiring plaintiff to undergo a credible fear interview pending this litigation . . . ." (ECF 18.)  It is undisputed that a determination of inadmissibility has been made as to S.W. and that he has claimed a fear of persecution.  Section

---

[6] The allegation that the placement of S.W. into expedited removal proceedings was subsequent to the dismissal of the affirmative asylum application is disputed.  The text of the Dismissal Notice states that DHS "records indicate that you were apprehended by DHS officials, placed in expedited removal, and issued a Form I-860, Notice and Order of Expedited Removal." (ECF 23-5.)  Defendants dispute that they are commencing expedited removal proceedings against S.W.  Rather they argue that he was restored to that status upon the expiration of his parole.

1225(b) sets forth the procedure to be followed by DHS once "the alien indicates either an intention to apply for asylum . . . or a fear of persecution," which is that "the officer shall refer the alien for an interview by an asylum officer . . . ." 8 U.S.C. § 1225(b)(1)(A)(ii). The procedure for an alien who is subject to expedited removal to claim asylum is enumerated in the statute and does not include the filing of an affirmative asylum application. See id. §§ 1225(b)(1)(A)(ii) & (b)(1)(B) (prescribing the credible fear interview procedures for aliens in expedited removal proceedings).

Thus, the proposed preliminary injunction directly interferes with the "decision by the Attorney General [or her designees] to invoke the provisions of such section [i.e., section 1225(b)(1)]" and also "the application of such section [i.e., section 1225(b)(1)] to individual aliens, including the determination made under section 1225(b)(1)(B) of this title." Id. § 1252(a)(2)(A). Simply put, under the proposed preliminary injunction, the defendants and their designees may not conduct the credible fear interview that the statute requires. Were S.W. to withdraw a claim of credible fear, then the determination of inadmissibility would dictate his all-but-certain detention and the entry of an Order of Removal. Mindful of this, S.W. instead asks the Court to enjoin the defendants from conducting a credible fear interview of him.

The fundamental lynchpin of all of S.W.'s arguments is that defendants may only place an alien in expedited removal proceedings if the alien "[1] has not been admitted or paroled into the United States, and . . . [2] has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility . . . ."[7]

---

[7] The statute also indicates that an alien "arriving in the United States" can be subject to expedited removal. 8 U.S.C. § 1225(b)(1)(A)(i).

Id. § 1225(b)(1)(A)(iii)(II).  S.W. argues that once paroled, as he was, he may never again be subjected to expedited removal proceedings.

The parties have presented evidence showing that S.W. arrived in the United States on March 16, 2022 and that two days later a DHS officer completed and signed the top portion of the Form I-860 stating that S.W. was determined to be inadmissible under section 1182(a)(7) because he arrived without a valid entry document.  (ECF 22-2 & 23-2.).  He claimed a fear of persecution at the time of the determination of inadmissibility and on March 24, 2022 was paroled on humanitarian grounds for one year, which term had expired on its anniversary date.  (ECF 22-1 & 23-1.)

S.W. asserts that no subsequent event, including the expiration of parole, could return him to the status of an alien subject to expedited removal proceedings.[8]  If S.W. is correct, then he cannot be compelled to submit to the credible fear interview, a procedure unique to expedited removal proceedings, and he cannot be detained pursuant to section 1225's detention provision.

Defendants disagree with S.W.'s statutory interpretation and rely on section 1182(d)(5)(A)[9] and a DHS implementing regulation that provides that "parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or

---

[8] The interpretation of section 1225(b)(1)(A)(iii)(II) advocated by S.W. has been adopted by several courts.  See Coalition for Humane Immigrant Rights v. Noem, 25-cv-872 (JMC), 2025 WL 2192986, at *21–27 (D.D.C. Aug. 1, 2025) (holding that section 1225(b)(1)(A)(iii)(II) "forbids the expedited removal of noncitizens who have been, at any point in time, paroled into the United States"); Aviles-Mena v. Kaiser, 25-cv-06783 (RFL), 2025 WL 2578215, at *4 (N.D. Cal. Sept. 5, 2025) (holding that plaintiff "no longer qualifies for expedited removal because he was 'paroled' into the United States," despite the expiration of the plaintiff's parole); Qasemi v. Francis, 25-cv-10029 (LJL), 2025 WL 3654098, at *7–11 (S.D.N.Y. Dec. 17, 2025) (Liman, J.) (holding that the expedited removal statute did not apply to petitioner despite parole having expired).

[9] Section 1182(d)(5)(A) states that "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."

she had at the time of parole." 8 C.F.R. § 212.5(e)(2)(i). That status, defendants assert, is that of an alien in expedited removal proceedings.

A district court is well-equipped to resolve this question of statutory interpretation. But doing so would require the court to "review . . . a decision by the [the defendants] to invoke" expedited removal proceedings as well as "the application of" (i.e., the applicability of) expedited removal proceedings to S.W., neither of which a district court has jurisdiction to do under sections 1252(a)(2)(A)(ii) and (iii). Examining the plain meaning of the words of the statute, to "review" in this context means the "[c]onsideration, inspection, or reexamination of a subject or thing." Black's Law Dictionary (7th ed. 1999). "Invo[cation]" refers to "[t]he act of calling upon for authority or justification" or "[t]he act of enforcing or using a legal right."[10] Id. To "apply" means "[t]o employ for a limited purpose" or "[t]o put to use with a particular subject matter." Id. In simple terms, this action cannot be resolved without reviewing—inspecting, considering, examining—the validity of defendants' invocation and application of expedited removal proceedings to S.W.[11] This jurisdictional bar precludes adjudication of S.W.'s claims, each of which are dependent upon the propriety of returning S.W. to expedited removal proceedings after once having been paroled. See Sharkey v. Quarantillo, 541 F.3d 75, 84–85 (2d Cir. 2008) ("[W]hen Congress strips federal courts of jurisdiction to hear a *necessary* element of a litigant's claim for relief, federal courts are left with no jurisdiction to hear the claim at all." (emphasis in original)).

---

[10] "Invoke" in this context is not synonymous with "commence." The jurisdictional bar on hearing claims arising from the decision "to commence proceedings" is set forth in another subsection of the same statutory provision. 8 U.S.C. § 1252(g).

[11] The bar presented by the statute applies to less than the entirety of a claim. For example, there is a limited carveout in a different provision of the statute for "review" by courts of appeal of "constitutional claims or questions of law" arising in a petition to review an order of removal. 8 U.S.C. § 1252(a)(2)(D) (emphasis added).

S.W. argues that the provisions of section 1252(a)(2)(A) do not bar his claims because he is specifically challenging the "procedural irregularities" associated with the dismissal of his asylum application and "whether Defendants acted lawfully at every step." (ECF 28 at 9.)  S.W., as the plaintiff and master of his complaint, is entitled to frame his claims as he sees fit.  But the Court cannot "rely solely on a [plaintiff]'s description of his claims" and must "scrutinize a [plaintiff]'s arguments to determine whether they raise reviewable questions." Khan, 495 F.3d at 35; see also Nouritajer v. Jaddou, 18 F.4th 85, 89 (2d Cir. 2021) ("Although Plaintiffs attempt to avoid this jurisdictional bar by characterizing their claims as 'procedural' challenges on appeal, the use of that label does not control the jurisdictional question.").  The issue of whether S.W. may be restored to expedited removal proceedings upon the expiration of the term of parole is one of substance.

S.W. also cites the Second Circuit's opinion in Mantena v. Johnson for the broad proposition that "[a]lthough the statute strips jurisdiction over a substantive discretionary decision, section 1252 does not strip jurisdiction over procedural challenges." 809 F.3d 721, 728 (2d Cir. 2015).  To the extent S.W.'s claims are procedural challenges, and it is not evident that they are, Mantena does not control.  While the language quoted by S.W. is accurate, the Mantena Court did not analyze or address section 1252(a)(2)(A) in its opinion.  Mantena instead addressed sections 1252(a)(2)(B)(i) and (ii), which provide that "no court shall have jurisdiction to review . . . (i) any judgment regarding the granting of relief under [certain sections] of this title, or (ii) any other decision or action of the . . . the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of . . . the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B) (emphasis added).  Importantly, while section 1252(a)(2)(B) expressly

- 14 -

exempts review of "any other decision or action" that is taken "in the discretion" of the governmental defendant, section 1252(a)(2)(A)'s provisions do not mention "discretion" at all. Furthermore, the Mantena opinion never quotes from or cites to section 1252(a)(2)(A). The Court thus understands the quoted language to be limited to the interpretation of section 1252(a)(2)(B), and therefore not controlling of this Court's application of section 1252(a)(2)(A) to S.W.'s claims.[12]

This reading of Mantena is supported by the Second Circuit's earlier opinion in Shunaula v. Holder, in which the Court specifically applied the jurisdictional bar of section 1252(a)(2)(A), which is at issue in this action. 732 F.3d 143, 146 (2d Cir. 2013). There, the Court held that section 1252(a)(2)(A) precluded the petitioner's claims that his "expedited removal violated due process" because, among other things, "he was not advised that he was in an expedited removal proceeding or given an opportunity to contest the government's allegations" and "he was not given the opportunity to consult a lawyer." Id. at 145. These were challenges to procedure but nevertheless barred. Shunaula unequivocally states that section "1252(a)(2)(A) deprives this court of jurisdiction to hear challenges relating to the Attorney General's decision to invoke expedited removal" and "his choice of whom to remove in this manner." Id. at 146. This is precisely what S.W. asks this Court to do.

Any argument that Mantena sub silentio overruled Shunaula is unpersuasive. The Second Circuit applies a presumption that the Supreme Court does not overrule cases sub silentio, Koch v. Christie's Int'l PLC, 699 F.3d 141, 149 (2d Cir. 2012), and it is doubtful that the Circuit would refrain from applying the same presumption to its own decisions. Indeed, the Second Circuit adheres to the rule that a panel of the Court may not overrule prior Circuit

---

[12] The Court notes that Judge Ramos has come to a different conclusion in his reading of Mantena. See Munoz Materano v. Arteta, 25-cv-6137 (ER), 2025 WL 2630826, at *9 (S.D.N.Y. Sept. 12, 2025).

precedent, which may only be done by the Court sitting in banc or by controlling authority of the Supreme Court. "[W]e-like the district court-are required to follow . . . a binding precedent of our court . . . unless and until that case is reconsidered by our court sitting in banc (or its equivalent) or is rejected by a later Supreme Court decision." Monsanto v. United States, 348 F.3d 345, 351 (2d Cir. 2003). A panel of the Circuit would not, and arguably could not consistent with the Court's practice, overrule Shunaula, a two-year-old precedent, without citing the case or the statute upon which it relied. The Court comfortably concludes that Shunaula remains controlling precedent binding on this Court.

The Court concludes that sections 1252(a)(2)(A)(ii) and (iii) deprive this Court of jurisdiction over S.W.'s claims which challenge the defendants' decision to invoke expedited removal. As such, the Court does not reach S.W.'s APA and due process challenges to that decision. See Becerril v. Holder, 590 F. App'x 101, 102 (2d Cir. 2015) (summary order) ("[B]ecause § 1252(a)(2)(A) and (e) strip us of jurisdiction to consider claims arising out of the underlying order where that order is one of expedited removal, we cannot reach [the plaintiff's] argument" that the order was illegal).

CONCLUSION.

Defendants' motion to dismiss on Rule 12(b)(1) grounds is GRANTED. S.W.'s motion for a preliminary injunction is DENIED. The Court STAYS this Order and LEAVES THE TEMPORARY RESTRAINING ORDER IN PLACE until the hearing and determination of a motion by plaintiff for a stay pending an expedited appeal, provided that any such motion shall have been filed no later than January 6, 2026.

- 17 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
         December 29, 2025